UNITED STATES of America, Plaintiff,

v.

**DOMENIC LOMBARDI REALTY, INC., Defendant.**

**No. 98–591S.**

United States District Court, D. Rhode Island.

Aug. 16, 2004.

Michael P. Iannotti, Providence, RI, Andrew M. Eschen, David L. Weigert, David

L. Gordon, J. Tom Boer, Esq., Norman O. Hemming, Francis X. Lyons, Washington, DC, Peter DeCambre, Boston, MA, for plaintiff.

Perry D. Wheeler, Cranston, RI, Richard E. Gardiner, Fairfax, VA, for defendant.

## ORDER

SMITH, District Judge.

Following a six day bench trial the United States prevailed in its outing against Domenic Lombardi Realty, Inc. ("Lombardi Realty"). This Court issued a Decision and Order finding Lombardi Realty liable in the amount of $579,472.97, plus prejudgment interest. *See United States v. Domenic Lombardi Realty, Inc.,* 290 F.Supp.2d 198 (D.R.I.2003). In that Decision, the Court directed the parties to submit briefs addressing the United States' entitlement to attorney's fees and whether any such award under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.*, is subject to a reasonableness determination by this Court. The Court chose to seek briefing on this issue after observing the troop of lawyers for whom the government now seeks reimbursement of attorney's fees. Final judgment on the cost recovery action was held in abeyance by this Court until after a resolution of the attorney's fees issue. After reviewing the written submissions of the parties, as well as the relevant case law, this Court (somewhat reluctantly, for the reasons discussed below) finds that the United States is entitled to reimbursement of attorney's fees in this action, and final judgment shall enter for the United States in the amount of $579,472.97 (which includes attorney's fees), plus prejudgment interest.

## I. Facts

In lieu of a recitation of the factual history of the case, the Court refers the interested to its detailed findings of fact set forth in *Lombardi,* 290 F.Supp.2d 198.

## II. Analysis

Although attorney's fees are not specifically mentioned in the CERCLA statute, courts have held that, as part of its recovery of response costs, the government may seek reimbursement for attorney's fees because they are "costs of removal" under 42 U.S.C. § 9607(a)(4)(A). *See, e.g., United States v. Hardage,* 982 F.2d 1436, 1441 (10th Cir.1992) (citing 42 U.S.C. § 9601(25), which provides that the terms response, removal, and remedial action "include enforcement activities related thereto"); *see also Reardon v. United States,* 947 F.2d 1509, 1514 (1st Cir.1991) (noting that CERCLA allows the government to collect attorney's fees in cost recovery actions).[1] Lombardi Realty does not contest the United States' ability to collect attorney's fees as part of its collection of response costs. It cries foul, however, contending that the United States is only entitled to *reasonable* attorney's fees, and that it cannot be reasonable to force Lombardi Realty to pay for training the government's lawyers.

1. In *Key Tronic Corp. v. United States,* 511 U.S. 809, 819, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994), the Supreme Court held that private parties were not allowed to seek reimbursement of attorney's fees under CERCLA. However, in that decision, the Court did not address the ability of the government to collect attorney's fees under 42 U.S.C. § 9607(a)(4)(A) as part of its enforcement activities. *See id.* ("Though we offer no comment on the extent to which [enforcement activity] forms the basis for the Government's recovery of attorney's fees through § 107, the term 'enforcement activity' is not sufficiently explicit to embody a private action under § 107 to recover cleanup costs.").

CERCLA's cost recovery program contains no specific provisions relating to the collection of response costs. *See Hardage,* 982 F.2d at 1443. Instead, CERCLA provides that "[o]nce the United States presents its prima facie case for response costs, the burden shifts to the defendant[ ] to show that the[ ] response costs are inconsistent with the NCP [National Contingency Plan]." *United States v. Am. Cyanamid Co.,* 786 F.Supp. 152, 161 (D.R.I.1992). In support of its contention that the United States' ability to collect attorney's fees under CERCLA is subject to a reasonableness determination by this Court, Lombardi Realty relies primarily on *United States v. Chapman,* 146 F.3d 1166 (9th Cir.1998). In *Chapman,* the district court concluded that the United States was entitled to attorney's fees attributable to its response action, but held that it was only entitled to reasonable attorney's fees. The Ninth Circuit rejected the district court's conclusion that it had no authority to determine the reasonableness of the attorney's fees award. The court relied on *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), in which the Supreme Court held that the extent of a plaintiff's success is a key factor in determining the proper amount of attorney's fees recoverable by a "prevailing party" under 42 U.S.C. § 1988. *Id.* at 1176. Specifically, the court relied on a footnote in the *Hensley* decision, which stated that " '[t]he standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.' " *Id.*[2]

The *Chapman* decision is at odds with the Eighth Circuit's decision in *United*

States v. Dico, Inc.,* 266 F.3d 864, 878–79 (8th Cir.2001). Dico argued to the Eighth Circuit that the government bears the burden of proving that its requested attorney's fees are reasonable. The court held that CERCLA's statutory language providing that the government may recover all costs "not inconsistent with the NCP" created the "conclusive presumption that all costs incurred by the government that are *not* inconsistent with the NCP are, in fact, reasonable costs." *See id.* at 879. In so holding, the *Dico* court addressed the holding of *Chapman.*

> Dico argues that the Ninth Circuit's decision in *United States v. Chapman,* 146 F.3d 1166 (9th Cir.1998), required the District Court to limit the government's attorney fees award to those fees reasonably, not actually, incurred.... [W]e must respectfully reject that court's analysis of the CERCLA fee issue. The Ninth Circuit applied the Supreme Court's decision in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), to the award of fees under CERCLA. The facts of *Hensley* are quite distinguishable—the fee award at issue was determined under the prevailing-party provisions of 42 U.S.C. § 1988.... CERCLA makes no mention of fee awards to "prevailing parties." Moreover, [CERCLA]'s language indicates that fee awards, as with other response costs, must merely be consistent with the NCP.

*Id.* at n. 13. Because Dico had failed to show that the attorney's fees were inconsistent with the NCP, the court awarded the government all costs associated with the cost recovery action.

---

**2.** The Fifth Circuit has also criticized the position that the United States is entitled to all attorney's fees associated with a response action, whether or not they are reasonable, as long as they are not inconsistent with the

NCP. *See In re Bell Petroleum Servs., Inc.,* 3 F.3d 889, 907 (5th Cir.1993) (holding that "[a]cceptance of the EPA's position would effectively prohibit judicial review of the EPA's expenditures").

This Court declines to adopt the holding of *Chapman*. *Hensley* was primarily concerned with the collection of attorney's fees in private litigation, not a government enforcement action authorized by statute. Moreover, as the Eighth Circuit noted in *Dico*, CERCLA contains no statutory language limiting recovery to "reasonable" fees or costs, and this Court declines to read that requirement into the text of the statute. Because Congress used the words "necessary" and "reasonable" in other parts of the CERCLA statute, Congress fully contemplated when to make cost recovery contingent upon the necessity or reasonableness of costs, and chose not to do so in government enforcement actions. *See United States v. Kramer*, 913 F.Supp. 848, 863 (D.N.J.1995) (noting that Congress used reasonableness language with respect to cost recovery actions by private parties); *Am. Cyanamid*, 786 F.Supp. at 162 n. 5 (noting that reading reasonableness into the statute would "nullify th[e] congressional differentiation" between government action and private action). The fact that Congress chose not to include such words when referring to a government enforcement action cannot have been an oversight. *See id.*

This conclusion is consistent with the holdings of other courts that have decided not to consider "reasonableness" challenges to the collection of enforcement costs under CERCLA. *See, e.g., United States v. Northeastern Pharm. & Chem. Co.*, 810 F.2d 726 (8th Cir.1986); *Kramer*, 913 F.Supp. at 866 ("We are persuaded by the reasoning of cases such as *American Cyanamid* and *Hardage* in which courts have not allowed challenges to individual costs based on ... unreasonableness."); *Am. Cyanamid*, 786 F.Supp. at 161–62 ("Reasonableness of costs for clean-up is not a defense to recovery.").

Despite this conclusion, the Court is sympathetic to Lombardi Realty's argument. Although the United States never provided an itemized list of attorney's fees as it was ordered,[3] representations made in Lombardi Realty's memorandum, as well as observations made by this Court during trial, indicate that the government overstaffed the case, using it as a training vehicle for several junior lawyers. The government's use of trials as training for its less experienced lawyers, in and of

---

**3.** In its Decision and Order dated October 17, 2003, the Court *ordered* the United States to provide it with an itemized account of the attorney's fees incurred during the enforcement action for which it sought reimbursement. The United States responded to the Court's order by objecting to the possibility of a reasonableness determination of their fees, but never provided the itemized account of attorney's fees. Trial Exhibit 153 contains an "itemized cost summary" of the EPA's expenses, but it does not appear to reflect attorney's fees relating to the trial itself. The fact that the United States may have felt entitled to its attorney's fees absent a determination of reasonableness is no justification for failing to comply with the Court's order. Although the First Circuit has never addressed the question of reasonableness of attorney's fees under CERCLA, it has made clear that district courts maintain the ability to sanction lawyers in response actions, including the United States' lawyers, for improper behavior. *See United States v. Ottati & Goss, Inc.*, 900 F.2d 429, 444–45 (1st Cir.1990). The United States' failure to comply fully with the October 17, 2003 Order may well be conduct sanctionable as contemplated in *Ottati & Goss*. Inasmuch as the government has chosen to use this case as a training vehicle for its young lawyers, the senior lawyers involved in supervising the less experienced attorneys should have impressed upon them the need to comply with Court orders. Since they did not, this Court will use the opportunity to remind the United States (and particularly counsel of record in this case) of the obligation to comply with court orders, regardless of whether it deems them unnecessary. While no sanctions will be imposed, this Court expects it will not see this happen again.

itself, is certainly acceptable (indeed, less experienced government lawyers could never otherwise gain experience). At the same time, however, the government must keep in mind that efforts at training that result in overstaffed trials likely create unnecessarily high expenses for defendants. This is less than fair, even for culpable defendants like Lombardi Realty.

## III. *Conclusion*

For the foregoing reasons, this Court finds that the United States is entitled to attorney's fees in this action, and judgment shall enter for the United States in the amount of $579,472.97, plus prejudgment interest.

IT IS SO ORDERED.